```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


MELINDA DIMICELI                       CIVIL ACTION

VERSUS                                 NO: 09-7344

UNIVERSITY HEALTHCARE                  SECTION: J(4)
SYSTEM, L.C.
```

### ORDER AND REASONS

Before the Court are Defendant's **Motion for Summary Judgment (Rec. Doc. 37)**, Plaintiff's **Memorandum in Opposition (Rec. Doc. 39)**, and Defendant's **Reply Memorandum in Support (Rec. Doc. 43)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff, a forty-nine-year-old white female, was employed on July 23, 2007, as a unit secretary at Tulane University Hospital ("the Hospital") and terminated on March 9, 2008, less than eight months later, for allegedly disruptive and paranoid behavior. She filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Louisiana Commission on Human Rights in March 2008 and subsequently received a right to sue letter from the EEOC. Plaintiff filed this lawsuit *pro se* in November 2009, claiming that she was subjected to sexually-offensive name calling and comments, sexually-offensive and false gossip, and offensive racial comments and threats while working at the Hospital. She also

1

alleges that the Hospital invaded her privacy by disclosing the contents of her personnel file to her co-workers.  The Hospital claims that it investigated Plaintiff's claims of harassment and discrimination and found that they were completely unsubstantiated.  Then, after giving Plaintiff several warnings to stop her continually disruptive behavior, the Hospital terminated Plaintiff.  Since being terminated, Plaintiff has been determined by the Social Security Administration to be totally disabled based on a diagnosis of paranoid schizophrenia.

## THE PARTIES' ARGUMENTS

Defendant argues that summary judgment should be granted in its favor because there are no genuine issues of material fact remaining, Plaintiff's allegations of harassment and discrimination did not occur, and all of Plaintiff's claims should be dismissed.  Defendant provides evidence of its internal investigation into Plaintiff's allegations, the lack of any corroborating evidence of those allegations, and Plaintiff's pattern of similar accusations in previous and subsequent jobs.  Defendant contends that the conclusory allegations asserted by Plaintiff are not enough to support her various claims for relief.

Plaintiff opposes the motion for summary judgment by

providing a list of witnesses on whom she wishes to issue subpoenas and a summary of the expected testimony of those witnesses that will support her allegations against Defendant. Defendant replies briefly to Plaintiff's opposition and argues that this summary of witnesses fails to meet Plaintiff's burden to come forth with actual evidence to establish that any genuine issue of material fact remains regarding the veracity of her allegations.  Defendant states that Plaintiff's summary of witnesses simply reasserts her allegations without going beyond her pleadings to designate specific facts that are at issue for trial.

## DISCUSSION

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Fed. R. Civ. Proc. 56(c)).  The moving party bears the initial burden of demonstrating to the court that there is an absence of genuine factual issues.  <u>Id.</u>  Once the moving party meets that burden, the non-moving party must go beyond the pleadings and designate

facts showing that there is a genuine issue of material fact in dispute.  Id.  "A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party.  If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper."  Weber v. Roadway Express, Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted).  The non-moving party's burden "is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence.  [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*"  Little, 37 F.3d at 1075 (emphasis in original)(citations omitted).

    In this case, the Court finds that Defendant, as the moving party, has met its burden and has established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law because Plaintiff is unable to establish the elements of her various claims.  Thus, the burden

shifts to Plaintiff, the non-moving party, to go beyond the pleadings and designate facts showing that a genuine issue of material fact remains in dispute; however, the Court finds that Plaintiff has not met this burden.  Plaintiff's summary of proposed trial testimony in opposition to Defendant's motion for summary judgment presents factual issues, but the Court does not find these factual issues to be genuine.  Plaintiff seems to reassert her allegations in order to illustrate factual issues instead of submitting any actual evidence of contradictory facts.  The Court finds that the record, taken as a whole, would lead any rational trier of fact to find for Defendant on all of Plaintiff's claims.

     Even if Plaintiff could establish a genuine issue of material fact to survive summary judgment, the Court finds that she would be unable to carry her burden of proof at trial.  Under Title VII, Plaintiff must prove the following five elements in order to establish a *prima facie* case for a hostile work environment based on racial harassment or discrimination: "(1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term[,] condition or policy of employment; [and] (5) the employer

knew or should have known of the harassment in question and failed to take prompt remedial action. Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 353 (5th Cir. 2001). The Court finds that based on the lack of evidence submitted by Plaintiff in opposition to Defendant's motion for summary judgment, she will not be able to prove that she was subjected to unwelcome harassment. Furthermore, even if Plaintiff is able to establish this element, she will be unable to show that the Hospital failed to take prompt remedial action in order to meet her burden of proof under the fifth element.

In order to establish a *prima facie* case under Title VII for a hostile work environment based on sexual harassment or discrimination, Plaintiff must also prove five elements: "(1) [t]hat she belongs to [a] protected class; (2) that she was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a 'term, condition or privilege of employment;' and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action." DeAngelis v. El Paso Mun. Police Officers Ass'n, 51 F.3d 591, 593 (5th Cir. 1995); Jones v. Flagship Int'l, 793 F.2d 714, 719-20 (5th Cir. 1986). The Court finds that, like her racial harassment and discrimination claim,

Plaintiff will be unable to prove the second and fifth elements required to establish a *prima facie* case for a hostile work environment based on sexual harassment or discrimination.

To establish a claim for retaliation under Title VII, Plaintiff "must show that (1) [s]he engaged in an activity protected by Title VII; (2) [s]he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." <u>Davis v. Dallas Area Rapid Transit</u>, 383 F.3d 309, 319 (5th Cir. 2004). Under the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, if Plaintiff can establish the first two elements, then the burden shifts to Defendant to articulate a legitimate, non-discriminatory or non-retaliatory reason for the employment action. 411 U.S. 792, 802 (1973). The Court finds that Plaintiff will be unable to succeed on her retaliation claim at trial because Defendant had a legitimate, non-discriminatory or non-retaliatory reason for terminating her employment, namely her continued pattern of disruptive and paranoid behavior based on unsubstantiated claims of harassment.

Finally, the Court finds that Plaintiff will be unable to succeed at trial on her claim of invasion of privacy. Louisiana law recognizes that individuals have a right of privacy to be

free from unreasonable intrusion into their seclusion or solitude or into their personal affairs.  <u>Parish Nat'l Bank v. Lane</u>, 397 So. 2d 1282, 1286 (La. 1981).  However, this right is not absolute and can be limited when an individual does not have a reasonable expectation of privacy.  <u>See</u> <u>Miller v. Blattner</u>, 397 F. Supp. 2d 485, 487 (E.D. La. 2009).  The Court finds that Plaintiff cannot prevail on her invasion of privacy claim because there is insufficient evidence to prove that Defendant did in fact disclose her personnel file to her co-workers.  Moreover, even if Plaintiff can prove that her file was disclosed, she will be unable to establish that she had a reasonable expectation of privacy in her employment records, which was the property of Defendant, in order to succeed on her claim.

Accordingly, **IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 37)** is **GRANTED**.  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  Furthermore, **IT IS ORDERED** that Plaintiff's **Motion for Issuance of Subpoenas (Rec. Doc. 36)** is **DENIED**.

New Orleans, Louisiana, this 3rd day of May, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE